UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KEVIN DUANE THOMPSON,

        Petitioner,                              Case No. 06-CV-14209
                                                  Honorable Avern Cohn
v.

BLAINE LAFLER,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

### I.  Introduction

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Kevin Duane Thompson (Petitioner) is a state inmate at the Newberry Correctional Facility in Newberry, Michigan, where he is serving a sentence of eleven to forty years for two counts of armed robbery, as enhanced by his designation as a third-time-habitual felony offender.  Petitioner filed a petition for a writ of habeas corpus, raising claims regarding his sentence.  For the reasons which follow, the petition will be denied.

### II.  Background

As noted above, Petitioner plead guilty to two counts of armed robbery and third habitual offender and sentenced to eleven to forty years' imprisonment.  Petitioner filed his claim of appeal to the Michigan Court of Appeals within the appropriate time, and on April 14, 2005, the court of appeals affirmed Petitioner's convictions and sentences. People v. Thompson, No. 260691 (Mich. App. April 14, 2005).  Petitioner filed an

1

application for leave to appeal to the Michigan Supreme Court. On October 31, 2005, the Michigan Supreme Court denied Petitioner's application for leave to appeal. People v. Thompson, 474 Mich. 906 (2005). Petitioner filed a motion for re-sentencing in the trial court, which was denied. People v. Thompson, No. 03-192778-FC (Oakland County Cir. Ct., Jan. 12, 2005). Petitioner does not appear to have filed a motion for relief from judgment pursuant to M.C.R. 6.500 *et. seq.*

Petitioner filed the instant petition on September 25, 2006.

### III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on petitions. 28 U.S.C. § 2244(d)(1). Petitioner's application for habeas corpus relief was filed after April 24, 1996. Therefore, the provisions of the AEDPA apply to Petitioner's application. Lindh v. Murphy, 521 U.S. 320, 337 (1997).

### IV. Analysis

#### A.

Petitioner first says that he is entitled to habeas relief because his sentence is based on inaccurate information. This claim fails to state a claim for federal habeas relief. Cook v. Stegall, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Such claims only raise questions of the interpretation and application of state law. Thomas v. Foltz, 654 F.Supp. 105, 106-107 (E.D. Mich. 1987). It is well-established that habeas relief does not lie for perceived errors of state law, see, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), and there is also no federal constitutional right to individualized sentencing.

2

United States v. Thomas, 49 F.3d 253, 261 (6th Cir. 1995). Thus, Petitioner is not entitled to relief on these grounds.

Additionally, Petitioner is not entitled to relief on the grounds that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. See Harmelin v. Michigan, 501 U.S. 957, 965 (1991); United States v. Marks, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." Marks, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" Austin, 213 F.3d at 302 (quoting United States v. Organek, 65 F.3d 60, 62 (6th Cir. 1995)). "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." Thomas, 49 F.3d at 261.

Here, Petitioner was sentenced to eleven to forty years imprisonment for his convictions. His pleadings indicate that his sentence was within the guidelines range. The state court thus acted within its discretion in imposing Petitioner's sentence and there is no extreme disparity between his crime and sentence so as to offend the Eighth Amendment. Habeas relief is not warranted.

B.

Petitioner also asserts that he is entitled to habeas relief because the trial court mis-scored the sentencing guidelines (OV 1 and OV 2) and violated his Sixth Amendment rights by relying upon facts not determined by a jury or admitted by Petitioner in rendering his guilty plea. Petitioner relies on Blakely v. Washington, 543

3

U.S. 296, 303-05 (2004) to support this claim.

As noted, Petitioner's sentences are within the statutory maximum–Petitioner was sentenced as a third degree habitual offender. Blakely involved a trial court's departure from a state's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. See People v. Claypool, 470 Mich. 715, 730 n. 14, 684 N.W.2d 278 (2004) (citing Mich. Comp. L. § 769.8). The minimum sentence for a defendant is based on the applicable sentencing guidelines ranges. Id. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. See People v. Babcock, 469 Mich. 247, 255 n. 7, 666 N.W.2d 231 (2003) (citing Mich. Comp. L. § 769.34(2)). The trial judge sets the minimum sentence, but can never exceed the statutory maximum sentence.

In People v. Drohan, 475 Mich. 140, 159-162 (2006), the Michigan Supreme Court recently held that Michigan's indeterminate sentencing scheme does not offend the Sixth Amendment right to trial by jury because a defendant is always subject to the statutory maximum sentence for purposes of Blakely and the Sixth Amendment does not entitle a defendant to a sentence below the statutory maximum. Because Blakely does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's scoring of the sentencing guidelines did not violate Petitioner's Sixth Amendment rights. Petitioner is therefore not entitled to habeas relief on this ground.

IV. Conclusion

For the reasons stated above, the petition is DENIED. This case is DISMISSED.

SO ORDERED.

                                        s/Avern Cohn
                                        AVERN COHN
                                        UNITED STATES DISTRICT JUDGE

Dated: October 15, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Kevin Thompson, 476510, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880-9210 on this date, October 15, 2007, by electronic and/or ordinary mail.

                                        s/Julie Owens
                                        Case Manager, (313) 234-5160